IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| FARM BUREAU PROPERTY & CASUALTY INSURANCE COMPANY a/s/o TROY WHEELER,<br><br>Plaintiff,<br><br>vs.<br><br>CNH INDUSTRIAL AMERICA LLC,<br><br>Defendant. | Court File No.:<br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Farm Bureau Property & Casualty Insurance Company a/s/o Troy Wheeler by and through its attorneys, Yost & Baill, LLP, for their Complaint against Defendant CNH Industrial America LLC, state:

**JURISDICTION**

1. The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. The plaintiff and the defendant are citizens of two different states, are diverse parties, and the amount in controversy exceeds $75,000.00.

2. Venue is proper in the Southern District of Iowa pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district and that a substantial part of property that is the subject of the action is situated in this district.

## PARTIES

3. Plaintiff Farm Bureau Property & Casualty Insurance Company ("Farm Bureau"), is a corporation duly licensed in the State of Iowa to sell insurance and conduct business in the State of Iowa.

4. At all times material and relevant herein, Plaintiff issued a policy of insurance to Troy Wheeler ("Wheeler"), the owner of a 2013 Case IH Maxxum 140 Tractor; Serial Number ZDBE03060 ("the Tractor"), who resided at 3346 Elmwood Avenue, Lorimor, Iowa.

5. Upon information and belief, at all times material herein, Defendant CNH Industrial America LLC, ("CNH"), is an foreign limited liability company registered to do business within the State of Iowa with a registered agent of C T Corporation System, 400 East Court Avenue, Des Moines, IA 50309, and a home office of 700 State Street, Racine, WI 53404, according to the Secretary of State of Iowa.

## FACTS

6. Upon information and belief, Defendant CNH was and/or is the manufacturer of the Tractor.

7. On or about June 5, 2016, the Tractor, while being properly operated in a field near Lorimor, Iowa, started on fire.

8. As a result of the fire, the Tractor was destroyed.

9. Pursuant to the terms and conditions of the insurance policy referenced in paragraph 4 of this Complaint, Farm Bureau was obligated to and did, in fact, pay

an amount in excess of $75,000.00 to or on behalf of Wheeler for damages incurred as a result of the fire.

10. Pursuant to the terms and conditions of the insurance policy identified in paragraph 4 of this Complaint, and by virtue of its payments to Wheeler for damages incurred as a result of the fire, Farm Bureau is subrogated to all rights, claims and causes of action Wheeler may have against CNH in connection with the fire.

## COUNT ONE – NEGLIGENCE

10. Plaintiff realleges Paragraphs 1 through 9, as though fully set forth herein.

11. Defendant negligently manufactured, designed, constructed, assembled, packaged, and/or distributed the Tractor.

12. The negligence of the Defendant was a proximate cause of the fire and the damages sustained by Plaintiff.

## COUNT TWO – BREACH OF WARRANTY

13. Plaintiff realleges Paragraphs 1 through 12, as though fully set forth herein.

14. Defendant expressly or impliedly warranted the fitness and merchantability of the Tractor described herein.

15. Defendant breached the mentioned express or implied warranties of fitness and merchantability.

16. The breaches of warranties were a direct and proximate cause of the fire and resultant damages to Plaintiff as described above.

## COUNT THREE – STRICT LIABILITY

17. Plaintiff realleges Paragraphs 1 through 16, as though fully set forth herein.

18. The Tractor was defective and that as a direct and proximate result of said defect, Plaintiff suffered the damages described hereinabove

19. Defendant is strictly liable for the damages sustained by Plaintiff as described herein.

### COUNT FOUR –FAILURE TO WARN

20. Plaintiff realleges Paragraphs 1 through 19, as though fully set forth herein.

21. Defendant negligently failed to provide Plaintiff's insured with reasonable warnings of defects and hazards which it knew or should have known were present in the Tractor described herein, which negligence was a direct and proximate cause of the fire described hereinabove.

### DEMAND FOR JURY TRIAL

22. Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated this   16th   day of December, 2016.

By   /s/ David J. Taylor
David J. Taylor – AT0009168
YOST & BAILL, LLP
2050 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402
612.338.6000 - telephone
612.344.1689 - facsimile
dtaylor@yostbaill.com - email

*ATTORNEYS FOR PLAINTIFF*